# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAD EDOFF, individually, and on behalf
of similarly-situated persons,

       Plaintiff,

  vs.

T-MOBILE NORTHEAST LLC; T-
MOBILE USA, INC.;

       Defendants.

**Case No:**

## NOTICE OF REMOVAL

Defendant T-Mobile USA, Inc. ("T-Mobile") hereby gives notice of removal
of the civil action styled *Chad Edoff v. T-Mobile Northeast LLC, et al.*, Civil Action
No. 24C18005506 (the "State Court Action") from the Circuit Court of Maryland,
Baltimore City, to the United States District Court for the District of Maryland,
Northern Division, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, 1453, and
other applicable law. This Court has jurisdiction over this action under 28 U.S.C. §
1332(d)(2). In support of this Notice of Removal, T-Mobile respectfully shows this
Court the following:

## I.    BACKGROUND

1.    On October 5, 2018, Plaintiff Chad Edoff filed a Complaint against
T-Mobile in the Circuit Court of Maryland, Baltimore City, Civil Action

No. 24C18005506 (the "State Court Action").  As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action or served upon T-Mobile in the State Court Action as of the date of this filing are attached hereto as Exhibit A.

2.     Plaintiff asserts claims against T-Mobile for alleged violations of Maryland Personal Information Protection Act ("PIPA") and the Maryland Consumer Protection Act ("CPA").  *See* Compl. ¶¶ 28-39.  Plaintiff asserts these claims on behalf of himself and a putative class.  *See* Comp. ¶ 1 ("This action is a class-action suit for damages under the Maryland Consumer Protection Act."); Comp. ¶ 19 ("Plaintiff brings this action on behalf of themselves [sic] and similarly situated persons.")

3.     As set forth in more detail below, this Court has original jurisdiction over Plaintiff's claims against T-Mobile under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

4.     Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 100(1) because the United States District Court for the District of Maryland, Northern Division, is the federal judicial district and division embracing the Circuit Court of Maryland, Baltimore City, where the State Court Action was filed.

5.      Plaintiff served T-Mobile with a Summons and a copy of the Complaint on November 7, 2018, by certified mail.  Thirty days after November 7, 2018, is Friday, December 7, 2018.  T-Mobile's deadline to file this Notice of Removal ("Notice") is therefore Friday, December 7, 2018.  The Notice is therefore timely filed in compliance with 28 U.S.C. § 1446(b).

6.      In accordance with 28 U.S.C. § 1446(d), T-Mobile has filed this Notice with this Court, will serve a copy of this Notice upon counsel for all parties, and will file a copy in the Circuit Court of Maryland for Baltimore City, along with a Notice of Filing of Notice of Removal.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.[1]

## II.     THIS COURT HAS ORIGINAL JURISDICTION OVER THE CLAIMS IN THE STATE COURT ACTION UNDER CAFA

7.      CAFA grants federal courts diversity jurisdiction over putative class actions that meet certain diversity and amount in controversy requirements.  *See* 28 U.S.C. § 1332(d).  Specifically, CAFA provides that an action against a non-governmental entity may be removed if: (1) it is a class action; (2) the number of proposed class members is not less than 100; (3) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (4) the

---

[1]     By removing this action, T-Mobile does not waive, but expressly preserves any defenses with respect to the underlying State Court Action, including, but not limited to, defenses related to venue and/or jurisdiction.

aggregate amount in controversy exceeds $5 million, excluding interests and costs.

28 U.S.C. § 1332(d), (d)(5), and § 1453(b).   Because, as shown below, those

requirements are satisfied in this case, the State Court Action may be removed to

this Court.

## A.   The State Court Action is a Class Action as Defined by CAFA.

8.   The State Court Action is a class action as defined by CAFA.  CAFA

provides:

> [T]he term "class action" means any civil action filed
> under rule 23 of the Federal Rules of Civil Procedure or
> similar State statute or rule of judicial procedure
> authorizing an action to be brought by 1 or more
> representative persons as a class action.

28 U.S.C. § 1332(d)(1)(B).  In Paragraph 19 of the Complaint, Plaintiff alleges that

he brings this action pursuant to Maryland Rule 2-231 (the Maryland rule governing

maintenance of class actions), which is analogous to Federal Rule of Civil Procedure

23. *See Ford Motor Credit Co. v. Ferrell,* 188 Md. App. 704, 719 (2009) (noting

that "Maryland Rule 2-231 and Federal Rule of Civil Procedure ("FRCP") are

similar.").  Plaintiff seeks to represent a class of "[a]ll individuals in the State of

Maryland that were then cellular communication and or data service subscribers of

Defendants' cellular communication and or data services whose Personal

Information, as defined under PIPA and or the incorporated HIPAA definitions was

accessed without authorization in or around August of 2018." Compl. ¶ 19.

Accordingly, the CAFA requirement that the State Court Action is a putative class action is satisfied.

**B.     The Number of Proposed Class Members Is Not Less Than 100.**

10.     Plaintiff satisfies CAFA's requirement that the number of proposed class members exceeds 100 persons.  Plaintiff seeks relief on behalf of a class consisting of T-Mobile customers in Maryland "whose Personal Information was accessed without authorization in or around August 2018."  Compl. ¶ 19; *see also* Compl. ¶¶ 1, 11.  Plaintiff asserts claims under Maryland's Personal Information Protection Act and Consumer Protection Act.  The personal information of more than 100 T-Mobile customers in Maryland may have been exposed in August 2018. *See* Declaration of Christopher Muzio, ¶ 4, attached hereto as Exhibit C. Accordingly, Plaintiff asserts and proposes a putative class of more than 100 members.

11.     The requirement that the number of proposed class members is not less than 100 is satisfied.

**C.     The State Court Action Satisfies the CAFA Minimum Diversity Requirement.**

12.     The State Court Action also satisfies CAFA's requirement that parties in class actions "need only be *minimally* diverse from one another to justify removal to federal court." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 388 (4th Cir.

2012). "This minimal diversity requirement is satisfied when 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Id.* (quoting 28 U.S.C. § 1332(d)(2)(A)). An individual is a citizen of the state where he resides.  28 U.S.C. § 1332(a)(1).  A corporation is a "citizen of every state . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Athena Auto, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999 ("With respect to the citizenship of a corporation for diversity purposes, § 1332 provides, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'")

13.    The State Court Action satisfies the CAFA diversity requirement because at least one named plaintiff or absent class member is a citizen of a different state than at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(a).  T-Mobile is a citizen of Delaware (its state of incorporation) and Washington (its primary place of business).  Declaration of Christopher Muzio, ¶ 2; 28 U.S.C. 1332(c)(1) (citizenship of corporations).   In the Complaint, Plaintiff alleges that he is a "resident of Baltimore, Maryland." *See* Compl. ¶ 2. Moreover, although T-Mobile disputes that Plaintiff may represent the Putative Class, Plaintiff purports to represent a class of Maryland residents.  *See* Compl. ¶ 19.  Because Plaintiff is a citizen of a state other

than Delaware or Washington, T-Mobile's states of citizenship, the CAFA diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(a).

14.     None of the mandatory or permissive exceptions to CAFA jurisdiction apply.  Those exceptions apply only if (in relevant part) at least one defendant is a citizen of the state where the action was originally filed.  *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A)(i)(II)(cc).  T-Mobile and T-Mobile Northeast LLC are the only defendants named in the Complaint.[2]  T-Mobile Northeast LLC is a Delaware corporation with its principal place of business in Delaware.  Declaration of Christopher Muzio, ¶ 3.  As indicated above, T-Mobile is a Delaware corporation with its principal place of business in Washington.  Accordingly, neither Defendant is a citizen of Maryland, the state where the action was originally filed.  Moreover, the burden of proving these exceptions falls on the Plaintiff.

### D.     The State Court Action Satisfies the CAFA Amount in Controversy Requirement.

15.     CAFA's requirement that the aggregate amount in controversy exceeds $5 million is also satisfied.  *See* 28 U.S.C. § 1332(d)(2).  Here, Plaintiff's lawsuit seeks monetary damages and attorneys' fees which, in the aggregate, are worth more than CAFA's $5 million threshold.

---

[2] Although T-Mobile Northeast LLC consents to removal, under CAFA an "action may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b).

16.    When removing a class action to federal court under CAFA, a defendant "need only allege federal jurisdiction in its notice by providing a 'short and plain statement of the grounds of removal.'" *Scott v. Cricket Communs., LLC*, 2018 U.S. Dist. LEXIS 56482, *15 (D. Md. 2018).   There is "no presumption in favor of remand when cases are removed under CAFA" because "'the primary objective'" of CAFA is to 'ensur[e] [f]ederal court consideration of interstate cases of national importance.'" *Id*. at * 6.   A defendant seeking removal to federal court need only show "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).   Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.   Neither Plaintiff nor the Court has questioned T-Mobile's allegation regarding the amount in controversy.

17.    For purposes of determining the amount in controversy under CAFA, the claims of putative class members are aggregated.  28 U.S.C. § 1332(d)(6).  Here, Plaintiff purports to represent a class consisting of T-Mobile customers in Maryland whose personal information may have been exposed in August 2018.  *See* Compl. ¶¶ 1, 11, 19.  Plaintiff seeks to recover damages on behalf of the Putative Class that he alleges is "similarly situated" to himself.  *See* Compl. ¶ 3.

18.     While Plaintiff does not specify the exact amount of compensatory and punitive damages he seeks to recover on behalf of the proposed class, Plaintiff alleges that the amount in controversy for his individual action exceeds $5,000.  *See* Compl. ¶ 6.  Simple calculation of the amount in controversy for the claims of putative class members may be performed by multiplying the Plaintiff's alleged amount in controversy by a plausible number of class members.  *See, e.g.*, *Jovine v. Abbott Labs., Inc.*, No. 9:11-cv-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (denying a motion to remand after calculating the amount in controversy using simple multiplication); *Senterfitt v. SunTrust Mortg., Inc.*, 385 F. Sup. 2d 1377, 1383, n.8 (S.D. Ga. 2005) (allowing simple multiplication of a possible award to determine aggregate amount in controversy under CAFA); *see also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945-46 (8th Cir. 2012) (concluding that the amount in controversy exceeded CAFA's $5 million requirement by multiplying the average alleged transaction fee by the number of transactions at issue).

19.     Plaintiff alleges an amount in controversy of at least $5,000. Plaintiff purports to represent a class that "may consist of tens of thousands of members." Compl. ¶ 23.  Plaintiff alleges that the claims of the putative class members are typical of his claims and that "Plaintiff and all members of the Class have similarly suffered harm."  Compl. ¶ 25.  A claim of just $5,000 multiplied by just 10,000 class members amounts to $50 million in controversy, which far exceeds the $5 million

CAFA threshold. Although Plaintiff alleges that his proposed class may include "tens of thousands of members," if the proposed class consisted of just 1,000 members with typical claims in excess of $5,000, the amount in controversy would nonetheless exceed the jurisdictional threshold.

20.     Plaintiff also seeks recovery of attorneys' fees. *See* Compl. ¶ 39. These damages would push the amount in controversy even further beyond the $5 million CAFA threshold.

## III.   <u>CONCLUSION</u>

21.     In conclusion, T-Mobile submits that CAFA applies to this action because: (i) this is a putative class action; (ii) Plaintiff alleges a class of not less than 100 proposed class members; (iii) Plaintiff is a citizen of a state different from each of the Defendants' states of incorporation and principal places of business; (iv) the aggregate amount placed in controversy by Plaintiff's Complaint exceeds $5 million, exclusive of interest and costs; and (v) the procedural requirements for removal under 28 U.S.C. § 1446 are met. For these reasons, T-Mobile respectfully requests that this Court assume full jurisdiction over this action as provided by law.

23.     T-Mobile intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings and to the proprietary of class certification.

WHEREFORE, Plaintiff hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted this 7th day of December, 2018.

*/s/ Brian D. Frey*
Brian D. Frey
**ALSTON & BIRD LLP**
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300 – Telephone
(202) 239-3333 – Facsimile
brian.frey@alston.com

Kristine M. Brown (*Pro Hac Vice* Forthcoming)
Derin B. Dickerson (*Pro Hac Vice* Forthcoming)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W Peachtree Street, Suite 4900
Atlanta GA 30309
(404) 881-7000 – Telephone
(404) 881-7777 – Facsimile
kristy.brown@alston.com
derin.dickerson@alston.com

Mia L. Falzarano (*Pro Hac Vice* Forthcoming)_
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
(214) 922-3400 – Telephone
(214) 922-3899 – Facsimile
mia.falzarano@alston.com

**ATTORNEY FOR DEFENDANTS**
**T-MOBILE NORTHEAST LLC AND**
**T-MOBILE USA, INC.**