# EXHIBIT A

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE CITY

| | |
|---|---|
| CHAD EDOFF <br> 3 Sunny Meadows Court <br> Baltimore, MD 21209 <br><br> *Individually, and on behalf of similarly-situated persons, as Plaintiff,* <br><br> v. <br><br> T-MOBILE NORTHEAST LLC <br> 2711 Centerville Road <br> Suite 400 <br> Wilmington DE 19808 <br><br> and <br><br> T-MOBILE USA, INC. <br> 3650 131ST Avenue SE <br> Suite 200 <br> Bellevue WA 98006 <br><br> *Defendants.* | Civil Action No. 24C18005506 |



## CLASS ACTION COMPLAINT

Plaintiff Chad Edoff (hereinafter "Plaintiff"), by and through undersigned counsel, for his Complaint against T-Mobile Northeast, LLC and T-Mobile USA, Inc. (hereinafter, collectively, "Defendants" or, simply, "T-Mobile") seeking damages, hereby alleges as follows:

### NATURE OF THE CASE

1. This action is a class-action suit for damages under the Maryland Consumer Protection Act and under the common law of the State of Maryland, seeking legal remedy for the Defendants' breaches thereof, related to unauthorized access of the

Plaintiff and other Maryland citizen's private information and certain failures related thereto.

## PARTIES

2. Plaintiff Chad Edoff is a resident of Baltimore, Maryland.

3. Defendant T-Mobile Northeast, LLC, is a corporation of the Commonwealth of Delaware with its principal office located there, and having its registered agent in this State as CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland, 21202.

4. Defendant T-Mobile USA, Inc., is a corporation of the State of Delaware, and, on information and belief, and having its registered agent in this State as CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland, 21202.

## JURISDICTION AND VENUE

5. Plaintiff brings this action against Defendants in Circuit Court of Maryland pursuant to Maryland Code Annotated, Courts and Judicial Proceedings, "Trial Courts of General Jurisdiction," § 1-501 (2006), which grants "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law," to this Court.

6. On information and belief, this action is properly brought in Circuit Court because the amount in controversy exceeds $5,000..

7. Venue is proper in this Court because, pursuant to Maryland Code Annotated, Courts and Judicial Proceedings, "Trial Courts of General Jurisdiction," § 6-

201 and on information and belief, the Defendants carry on "on a regular business" in Baltimore City.

## GENERAL ALLEGATIONS

8. Plaintiff is a consumer of T-Mobile's cellular communication services.

9. As part of his application process for Defendant's services, Mr. Edoff gave Defendants his date of birth, full name and address, and other private information.

10. On information and belief, Defendants have held that private information for the entirety of the relationship between Plaintiff and Defendants on various computer servers.

11. In or around August of 2018, unknown persons gained unauthorized access to T-Mobile's servers, and took personal information of some 2.5 million consumers from the same servers (the "Data Breach").

12. On information and belief, the information taken included "Personal Information," as defined by the Maryland Personal Information Protection Act," Maryland Code, Commercial Law, § 14-3501, *et seq.* ("PIPA"), in that it contained, at a minimum, the names of the Plaintiff and the Class Members, their addresses, "Health Information," as defined under PIPA and under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and or account numbers, that, in combination with any required security code, access code, or password, would have permitted access to an individual's financial account with the Defendants.

13. On information and belief, reasonable security measures would have prevented the Data Breach.

14. On or about August 24th, 2018, the Defendants sent a notice to the Plaintiff and the Class Members disclosing the Data Breach.

15. The notice stated that social security numbers and credit card numbers were not accessed;

> However, you should know that some of your personal information may have been exposed, which may have included one or more of the following: name, billing zip code, phone number, email address, account number, account type (prepaid or postpaid), and/or date of birth.

https://www.t-mobile.com/customers/6305378821?cmpid=WMM_EM_Q318SECURI_W5XQI6NMW4M43707 (last accessed September 15th, 2018, at 8:43 PM).

16. The notice did not contain the toll-free numbers and addresses for each of the three credit reporting agencies (Equifax, Experian and TransUnion).

17. The notice also did not contain the toll-free numbers, addresses and websites for the Federal Trade Commission and the Maryland Office of the Attorney General. The notice further did not contain any statement about how the Plaintiff or the Class Members could obtain information from these sources about steps to avoid identity theft.

18. On information and belief, Plaintiff believes that the extent of the disclosure from the Data Breach has been under-reported by Defendants, and therefore could be impacted under PIPA and HIPAA to a greater extent.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Maryland Rule 2-231, Plaintiff brings this action on behalf of themselves and similarly situated persons defined as: All individuals in the State of Maryland that were then cellular communication and or data service subscribers of

Defendants' cellular communication and or data services whose Personal Information, as defined under PIPA and or the incorporated HIPAA definitions was accessed without authorization in or around August of 2018.

20.     Excluded from the Class are the officers, directors, and employees of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and all judges who may ever adjudicate this case.

21.     This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Maryland Rules. Plaintiff reserves the right to modify the Class definition and the class period based on the results of discovery.

22.     Maryland Rule 2-231, "Class actions," requires that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

23.     This Class Action satisfies the "numerosity" requirement of Rule 2-231, in that the potential members of the Class are so numerous that their individual joinder is impracticable. The precise numbers and addresses of members of the Class are unknown to the Plaintiff, but given that it is reported that 2.5 million American consumers were affected, the Maryland Class may consist of tens of thousands of members. The precise number of persons in the Class and their identities and addresses may be ascertained from Defendants 'records.

24. The present suit satisfies the "commonality of interest" requirement in the questions of law and fact involved affecting the members of the Class. These common legal and factual questions presented by this Class Action include:

- Whether the Defendants negligently allowed "Personal Information," as defined by PIPA and or the referenced definition(s) in HIPAA, to be accessed in or around August of 2018, through acts or omissions, in that Defendant failed to implement and maintain reasonable security procedures and practices;
- Whether the Defendants failed to properly notify Plaintiff and Class Members of the disclosure of that Personal Information, in conformity with PIPA;
- Whether Plaintiff and Class Members are entitled to recover statutory damages, as a result of Defendants' acts or omissions, and or otherwise; and
- Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit, under the Maryland Consumer Protection Act, or as otherwise authorized by law.

25. Plaintiff's claims are "typical" of the claims of the members of the Class because Plaintiff is and was a subscriber of the cellular communication services provided by the Defendants. Plaintiff and all members of the Class have similarly suffered harm arising from Defendants' conduct and or alleged violations of law.

26. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff intends to prosecute this action vigorously, in the public interest, with the aim of protecting rights of personal privacy from insidious degradation by corporate actors. Furthermore, he has retained committed and experienced counsel to prosecute his claims

vigorously. Plaintiff therefore will fairly and adequately protect the interests of the members of the Class.

27.	This suit may therefore properly be maintained as a class action pursuant to Maryland Rule 2-231, as all of the required factors of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, the conduct by Defendants upon which this suit is based has generally applicable impacts on the Plaintiff and the Class as a whole, thereby making declaratory and or injunctive relief proper.

## COUNT I
### Violation(s) of the Maryland Personal Information Protection Act and the Maryland Consumer Protection Act

28.	Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

29.	Plaintiff resides in Maryland.

30.	Defendants are businesses that own Personal Information of the Plaintiff and the Class Members residing in the State.

31.	The security breach referred to herein as the Data Breach included information that is considered Personal Information under PIPA, in that it included "Health Information" and or "Personal Information," as defined therein and or by reference.

32.	On information and belief, Plaintiff's and Class Member's Personal Information was taken as a result of the Data Breach.

33.	Defendants failed to "implement and maintain reasonable security procedures and practices that are appropriate to the nature of the personal information

owned or licensed and the nature and size of the business and its operations," which was the direct cause of the Data Breach.

34. This failure constitutes a violation of PIPA.

35. The Defendants further failed to properly notify Plaintiff and the Class Members of the unauthorized access of their Personal Information, as required by PIPA, in that the required information was not contained in the notice and or the extent of the disclosure was under-reported.

36. That notification failure constitutes a violation of PIPA

37. Each of the Defendants' failures under PIPA constitute violations of Maryland Code Annotated, Commercial Law, Title 13, the "Consumer Protection Act."

38. Plaintiff therefore claims statutory damages for himself and the Class Members, pursuant to Maryland Code Annotated, Commercial Law, Title 13, for each and every violation of the same.

39. Plaintiff further claims attorney's fees and costs of suit, as authorized under the Maryland Consumer Protection Act.

### JURY DEMAND

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court:

A. Certify this Matter for proceedings as a class action suit;

-9-

B. Award monetary damages to Plaintiff and to the Class to the maximum extent permitted by law;

C. Award to Plaintiff attorneys' fees and other reasonable litigation costs to the extent permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

DATED: September 28th, 2018

Respectfully submitted,

                Joshua G. Whitaker, Esq.
                Edward N. Griffin, Esq.
                ADELPHI, LLP
                1936 Eastern Avenue
                Baltimore, MD 21231
                Tel./Fax 888.367.0383

                *Attorneys for Plaintiff*

                _____
                Joshua G. Whitaker