IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHAD EDOFF,<br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE NORTHEAST LLC, *et al.*,<br>*Defendants*. | Civil Action No. ELH-18-3777 |

## MEMORANDUM

On October 5, 2018, in the Circuit Court for Baltimore City, plaintiff Chad Edoff filed a class action suit against defendants T-Mobile Northeast LLC and T-Mobile USA, Inc. (collectively, "T-Mobile"). ECF 1-2 (the "Complaint"). The Complaint asserts: "In or around August of 2019, unknown persons gained unauthorized access to T-Mobile's servers, and took personal information of some 2.5 million consumers from the same servers (the 'Data Breach')." *Id.* ¶ 11. According to plaintiff, "reasonable security measures would have prevented the Data Breach." *Id.* ¶ 13.

Edoff brings this action on behalf of himself and "[a]ll individuals in the State of Maryland that [sic] were then cellular communication and or data service subscribers of Defendants' cellular communication and or data services whose Personal Information . . . was accessed without authorization in or around August of 2018." *Id.* ¶ 19. The Complaint estimates that the "Maryland Class may consist of tens of thousands of members." *Id.* ¶ 23. Edoff asserts that "the amount in controversy exceeds $5,000," and he seeks monetary damages "to the maximum extent permitted by law," as well as attorneys' fees and costs. *Id.* at 9.

On December 7, 2018, T-Mobile timely removed the case to federal court, pursuant to 28 U.S.C. § 1441. ECF 1 (the "Notice"). The Notice alleges subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* ¶ 7. Pursuant to § 1332(d), T-Mobile explained in its Notice that this Court has jurisdiction under CAFA because: (1) it is a class action brought by one or more representative persons; (2) the number of proposed class members exceeds 100 persons; (3) the action satisfies minimum diversity requirements; and (4) "the aggregate amount in controversy exceeds $5 million, excluding interests and costs." *Id.* ¶¶ 7-20.

In an Order of December 13, 2018 (ECF 10), I asked defense counsel to clarify the basis for jurisdiction under CAFA. T-Mobile submitted a memorandum (ECF 14) and the affidavit of Christopher Muzio (ECF 14-1), a T-Mobile analyst and custodian of records. Edoff also filed a memorandum (ECF 16) and an affidavit (ECF 16-1), requesting that the Court remand the case to State court and award attorneys' fees and costs.

This Court, like all federal courts, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96. As the party seeking removal, T-Mobile bears the burden of establishing subject matter jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008).

CAFA grants subject matter jurisdiction to district courts over certain class actions, in which the aggregate number of members of the plaintiff class is 100 or more, any member of the plaintiff class is a citizen of a state different from any defendant, and the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

Edoff contends that T-Mobile has not adequately shown that the amount in controversy exceeds the threshold amount of $5 million. ECF 16 at 9.

With respect to the amount in controversy requirement, the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC, et al. v. Owens*, ___ U.S. ___, 135 S. Ct. 547 (2014), provides guidance. The *Dart* Court said that, in the event that the "complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* at 551 (citing 28 U.S.C. 1446(c)(2)(A)). And, "as specified in § 1445(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.

Notably, "the district court must make findings of jurisdictional fact" in connection with the amount in controversy. *Id.* at 554. But, these facts need not be established "'to a legal certainty' . . . ." *Id.* (citation omitted). Rather, they are subject only to the preponderance standard. *Id.*

To determine whether CAFA's $5 million jurisdictional minimum is satisfied, a district court looks to the aggregate value of the putative class members' claims, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The "test" to determine the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (*quoting Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). And, a district court may "resolve the jurisdictional facts in dispute by considering . . . affidavits." *United States ex rel. Vuyyuru*, 555 F.3d 337, 348 (4th Cir. 2009); *see Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

Here, defendants plausibly allege that the amount in controversy exceeds $5 million. *Dart*, 135 S. Ct. at 554. Defendants submitted the Declaration of Christopher Muzio, who attests that the data breach potentially impacted approximately 15,280 Maryland residents. ECF 14-1, ¶ 3. And, plaintiffs seek statutory damages of $1,000 "per first-time violation." ECF 16 at 11. Therefore, the amount in controversy is well over $5 million (15,280 x $1,000 = $15,280,000). As such, T-Mobile has presented a reasonable basis to support its assertion as to the amount in controversy.

However, there are certain mandatory and discretionary exceptions to CAFA jurisdiction that carve out class actions that, for various reasons, are local in focus, despite otherwise meeting the foregoing jurisdictional requirements. *See, e.g.,* 28 U.S.C. § 1332(d)(3), (4). A "district court can decline jurisdiction" under three CAFA provisions: "(1) the home state exception, § 1332(d)(4)(B), (2) the local controversy exception, § 1332(d)(4)(A); and (3) discretionary jurisdiction, § 1332(d)(3)." *See Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 810 (5th Cir. 2007).

Of relevance here, the home state exception and the discretionary jurisdiction provision require, in pertinent part, that the "primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. §§ 1332(d)(4)(B), (d)(3). And, the local controversy exception requires, in relevant part, that "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." *Id.* § 1332(d)(4)(A).

Defendants assert that T-Mobile Northeast LLC is a Delaware limited liability company with its principal place of business in Delaware. *See* ECF 12 (Statement Concerning Removal), ¶ 2; ECF 1, ¶ 14. Moreover, "T-Mobile USA, Inc. is the sole member of T-Mobile Northeast

4

LLC" and is a "Delaware Corporation with its principal place of business in the State of Washington." *Id.* ECF 12, ¶ 2.

Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's "principal place of business" is "the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93 (2010). And, since 1844, a "state of incorporation" has been the state by whose laws the corporation was created. *Id.* at 85 (citation omitted). The citizenship of an LLC is determined by the citizenship of all its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With respect to an LLC, citizenship "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). As such, none of the defendants in this case are citizens of Maryland, the state in which the action was originally filed.

Upon review of the submissions of the parties, I conclude that T-Mobile has demonstrated that federal jurisdiction is proper. Therefore, the Court shall deny Edoff's request for remand.

Accordingly, plaintiff may respond in opposition to defendants' motion to compel arbitration (ECF 11), due by April 19, 2019. And, defendants may reply by May 3, 2019.

An Order follows, consistent with this Memorandum.

Date: April 2, 2019                             /s/
                                                Ellen L. Hollander
                                                United States District Judge

5